*Pratt v. Menard*, No. 423-7-16 Wncv (Teachout, J., May 30, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                                    **CIVIL DIVISION**
**Washington Unit**                                                              **Docket No. 423-7-16 Wncv**

**LEO PRATT**
    **Plaintiff**

    **v.**

**LISA MENARD, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

## DECISION
### Cross-Motions for Summary Judgment

Plaintiff Leo Pratt is an inmate in the custody of the Commissioner of the Department of Corrections. In this case, he seeks Rule 75 review of a disciplinary conviction for fashioning a weapon out of a pen. He alleges that the conviction was wrongful because the corrections officers' reports of the incident referred to an earlier occasion in which he was alleged to have done the same but for which the conviction had been expunged. He also asserted additional reasons: that the disciplinary report was issued more than 24 hours after the incident, that the conviction depended on false and misleading information, and that he is being singled out unfairly.[1]

Mr. Pratt seeks summary judgment on the expungement issue. The Department of Corrections seeks summary judgment on the grounds that the conviction is supported by "some evidence," and it argues that Mr. Pratt's other arguments do not undermine his conviction.

Several reports by corrections officers document in detail the incident at issue in this case: that Mr. Pratt secured paper and string around a pen to stiffen it, making it fit for use as a weapon, and concealed it in his cell. Those reports refer to an earlier incident in which Mr. Pratt had similarly fashioned a pen into a weapon and then used it to repeatedly stab a corrections officer. He was convicted of a disciplinary violation for the earlier incident and he appealed to the superintendent. The superintendent failed to respond within 30 days and, for that reason, his conviction was expunged. See Directive 410.01, Procedural Guidelines § (9)(c) ("Failure to respond to the appeal within thirty (30) calendar days will result in the dismissal of the disciplinary action, and staff will expunge the DR packet from the inmate's file and the database.").

Mr. Pratt's principal argument in this case is that because the officers' reports of the current incident referred to the earlier incident, which was supposed to have been expunged, the

---

[1] It is not clear that Mr. Pratt pursues these other arguments on review. He does not seek summary judgment on them and does not oppose summary judgment in the State's favor on them.

current violation is tainted and should be reversed and expunged.[2]

When reviewing an inmate disciplinary decision, the court "need find only that there was 'some evidence' in order to uphold a conviction." *King v. Gorczyk*, 2003 VT 34, ¶ 7, 175 Vt. 220 (quoting *LaFaso v. Patrissi*, 161 Vt. 46, 49 (1993)). This standard is met when "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*.

The "some evidence" standard is easily satisfied in this case. Regardless of whether the corrections officers' reports should or should not have referred to the earlier incident, they all clearly document specific behavior—fashioning a weapon out of a pen—that gave rise to the current violation. The reports are compelling even if one were to completely ignore references to the earlier incident. There is no basis for relief on this record.

Mr. Pratt does not appear to be pursuing on review the other arguments he raised administratively. The State seeks summary judgment on those arguments as well. There is no rule that a disciplinary report must be issued within 24 hours of the precipitating incident, and there is no basis in the record for any claim of false or misleading information or being singled out unfairly. Thus, the State is entitled to summary judgment.

ORDER

For the foregoing reasons, Mr. Pratt's motion for summary judgment is denied, and the State's motion is granted.

Dated at Montpelier, Vermont this _____ day of May 2017.

_____
Mary Miles Teachout
Superior Judge

---

[2] In a related case, Mr. Pratt challenges the meaning and scope of a proper expungement and whether the earlier disciplinary violation that was supposed to have been expunged actually was. See *Pratt v. Menard*, No. 419-7-16 (Vt. Super. Ct.).